IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHRISTOPHER BRIAN SANDS, :
:
        Petitioner, :
:
v. : Civil Action No. 16-1061-CFC
:
KOLAWOLE AKINBAYO, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
        Respondents.[1] :

---

Christopher Brian Sands. *Pro se* Petitioner.

Carolyn S. Hake, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**[2]

February **21**, 2020
Wilmington, Delaware

---

[1] Warden Kolawole Akinbayo replaced former warden Steven Wesley, an original party to the case. *See* Fed. R. Civ. P. 25(d).

[2] This case was originally assigned to the Honorable Gregory M. Sleet, and was re-assigned to the undersigned's docket on September 20, 2018.

*signature* CONNOLLY, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Petitioner Christopher Sands' ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 2) The State filed an Answer in opposition. (D.I. 12) For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

I. **BACKGROUND**

**A. Unlawful Sexual Contact Case**

In April 2012, Petitioner was indicted on three counts of first degree unlawful sexual contact. (D.I. 12 at 1; D.I. 16-2 at 2, Entry No. 5) The charges stemmed from Petitioner's alleged sexual contact with a person under thirteen years old. (D.I. 12 at 1) On October 23, 2012, Petitioner pled guilty to one count of first degree unlawful sexual contact ("Unlawful Sexual Contact"). (D.I. 16-2 at 4, Entry No. 22) The Superior Court sentenced Petitioner that same day to five years of Level V incarceration, suspended after one year for decreasing levels of supervision. (D.I. 12 at 1) Petitioner did not appeal his conviction or sentence.

On November 15, 2012, Petitioner moved to modify his sentence. (D.I. 16-2 at 4, Entry No. 26) The Superior Court denied the motion on November 30, 2012, and Petitioner did not appeal. (D.I 16-2 at 4, Entry No. 27)

On March 22, 2013, Petitioner was arrested and subsequently charged with escape after conviction ("Escape"). (D.I. 2 at 2; D.I. 16-3 at 1, Entry Nos. 1 & 3) On July 10, 2013, after a hearing, the Superior Court found that Petitioner had violated the terms of his probation on his sentence for Unlawful Sexual Contact. (D.I. 12 at 2) The Superior Court revoked Petitioner's probation and sentenced him to five yeas of Level V

incarceration with credit for sixteen months previously served, suspended after six months for eighteen months of Level III supervision. (D.I. 12 at 2) Petitioner did not appeal the violation finding or sentencing.

### 2. Escape Case

On December 3, 2013, Petitioner pled guilty to the Escape charge. (D.I. 12 at 2; D.I. 16-3 at 2, Entry No. 12) On February 28, 2014, the Superior Court sentenced Petitioner to five years of Level V incarceration, suspended after six months for eighteen months of Level II supervision. (D.I. 12 at 2) Petitioner did not appeal his Escape conviction or sentence.

### 3. Violations of Probation

On March 31, 2014, Petitioner's Level III probation officer filed an administrative warrant with the Superior Court. (D.I. 16-3 at 2, Entry No. 13) On April 24, 2014, after a hearing, the Superior Court found that Petitioner had again violated the terms of his probation with respect to his Unlawful Sexual Contact sentence and that he had also violated the terms of his probation with respect to his Escape sentence. (D.I. 12 at 2) That same day, April 24, 2014, the Superior Court revoked Petitioner's probation for both cases and immediately re-sentenced him in one order ("VOP sentencing order") as follows: (1) on the Unlawful Sexual Contact conviction, to three years of Level V incarceration, suspended after successful completion of a sex offender treatment program for the balance of the sentence to be served at Level IV; and (2) on the Escape conviction, to four years and six months at Level V incarceration (Key program), suspended after successful completion of Level IV Crest program for eighteen months

of Level III After-Care. (D.I. 12 at 2-3) The Superior Court noted in its April 2014 VOP sentencing order that it would review Petitioner's sentence in five months with input from the Treatment Access Center ("TASC") and the Department of Correction ("DOC"). (D.I. 12 at 3) Petitioner did not appeal from the violation findings or the VOP sentencing order.

Instead, Petitioner filed a series of motions in the Superior Court challenging the VOP sentencing order. (D.I. 12 at 3) The Superior Court denied every motion. (D.I. 12, at 3) Petitioner only appealed the denial of his third motion to modify/review the Escape VOP sentence; he filed his notice of appeal from that denial on September 29, 2014. (D.I. 12 at 3 n.3; D.I. 16, Amended Notice of Appeal, dated Oct. 17, 2014, Del Sup. Ct. Case No. 556, 2014). However, Petitioner voluntarily withdrew the appeal on February 2, 2015. (D.I. 16-1 at 1-2)

In November 2016, Petitioner filed the instant Petition asserting the following three grounds for relief: (1) the Superior Court violated his Fifth Amendment due process rights by ordering him to complete sex offender treatment at Level V and by failing to review the April 2014 VOP sentence five months later "to see how he was doing"; (2) the Superior Court violated his Fourteenth Amendment due process rights by allowing him to "fall through the cracks of the system depriving him of liberty without due process of law" by failing to review his VOP sentence; and (3) he was denied his Sixth Amendment right to effective assistance of counsel because the Office of the Public Defender, who represented him at trial, did not respond "when he reached out . . . five

3

months" after the Superior Court issued its April 2014 VOP sentencing order related to his Unlawful Sexual Contact and Escape convictions. (D.I. 12 at 4)

## II. ONE-YEAR STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the

4

one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run, on the date on which the time for seeking direct review in state court expires. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Superior Court imposed Petitioner's VOP sentences related to his Unlawful Sexual Contact and Escape convictions on April 24, 2014. Petitioner did not appeal either the revocations of probation or the VOP sentences. As a result, his judgments of conviction became final on May 27, 2014, thirty days after he was sentenced.[3] Applying the one-year limitations period to that date, Petitioner had until May 27, 2015 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until November 8, 2016,[4] approximately one year and five months after that deadline. Thus, the Petition is time-

---

[3] The thirty day appeal period actually ended on May 25, 2014, which was a Sunday. Since Monday, May 25, 2014 was a federal holiday, the deadline extended through the end of the day on Tuesday, May 27 2014. *See* Del. Sup. Ct. R. 11(a).

[4] Pursuant to the prison mailbox rule, the Court adopts the date on the Petition (November 8, 2016) as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

5

barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers,* 204 F.3d 417, 420-24 (3d Cir. 2000). A post-conviction motion is "'properly filed' for statutory tolling purposes when its delivery and acceptance is in compliance with the state's applicable laws and rules governing filings, such as the form of the document, any time limits upon its delivery, the location of the filing, and the requisite filing fee." *Crump v. Phelps,* 572 F. Sup. 2d 480, 483 (D. Del. 2008). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Swartz,* 204 F.3d at 424. However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia,* 247 F.3d 539, 542 (3d Cir. 2001).

Here, Petitioner's VOP judgments became final on May 27, 2014, and the one-year limitations period began to run on May 28, 2014. However, Petitioner filed his first

of multiple repetitive motions to review/modify both of his VOP sentences[5] on May 22, 2014, before the limitations period had even started. Most of the motions were not "properly filed" for § 2244(d)(2) purposes because they were repetitive and untimely under Delaware Superior Court Criminal Rule 35(b).[6] See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). However, for ease of analysis, and because the Petition would be time-barred either way, the Court will assume that all of Petitioner's various motions to the Superior Court filed after the April 2014 VOP sentencing order acted to toll the limitations period for each sentence. Given this assumption, the Court will address the statutory tolling applicable to each conviction.

In the Escape case, the Court assumes that Petitioner's first four motions to review/modify his sentence tolled the one-year limitations clock from May 22, 2014, the date Petitioner filed his first motion to review/modify his Escape VOP sentence, through February 2, 2015, the date on which Petitioner voluntarily dismissed his appeal of the Superior Court's order denying his third motion to review/modify his Escape VOP

---

[5]The State has clearly and succinctly summarized Petitioner's multiple filings in the Delaware courts in two charts. (D.I. 12-1; D.I. 12-2) The Court thanks the State for providing this information in an easily discernible manner.

[6]See Del. Super. Crim. R. 35(b) (setting forth 90-day deadline to file a motion to modify a sentence and providing that "the court will not consider repetitive requests for reduction of sentence"); Duffy v. State, 1998 WL 985332, at *1 (Del. Nov. 12, 1998) (finding that defendant's fifth Rule 35(b) motion fails due to rule's prohibition of "repetitive" requests, noting Rule 35(b) ceased to be a viable option for defendant after the Superior Court denied defendant's original, timely Rule 35(b) motion); State v. Johnson, 2006 WL 3872849, at *2-3 (Del. Super. Ct. Dec. 7, 2006) (denying untimely and repetitive motion to modify sentence, holding that, even where extraordinary circumstances exist, court will not consider repetitive requests for reduction of sentence).

7

sentence.[7] In essence, then, the limitations period did not actually begin to run until February 3, 2015. See Fed. R. Civ. P. 6(a)(1)(a) (explaining that the day of the event that triggers the period should be excluded when computing a time period). The limitations clock ran for nine days, until Petitioner filed his fifth motion to review/modify the Escape VOP sentence on February 11, 2015. (D.I. 12-1 at 1) The Superior Court denied the fifth motion on March 16, 2015. On April 1, 2015, during the thirty day appeal period related to his fifth motion, Petitioner filed his sixth motion to review/modify his Escape VOP sentence. The Superior Court denied the sixth motion on April 24, 2015. Id. Thus, together, the fifth and sixth motions to review/modify the Escape VOP sentence statutorily tolled the limitations period from February 11, 2015 through May 26, 2015, the date on which the time expired for filing an appeal from the sixth motion to review/modify the April 24, 2015 Escape VOP sentencing order.[8] The limitations clock started to run again on May 27, 2015, and ran the remaining 356 days without interruption until the limitations period expired on May 17, 2016. Petitioner's seventh motion to modify/review his VOP Escape sentence, filed on July 12, 2016, has no statutory tolling effect because it was filed after the expiration of the limitations period. In short, to the extent the instant Petition challenges Petitioner's Escape VOP sentence, it is untimely.

---

[7]An appeal voluntarily dismissed by a petitioner tolls the limitations period up to date of voluntary dismissal; the time for seeking certiorari review by the Supreme Court is not included in the tolling calculation. See United States v. Sylvester, 258 F. App'x 411, 412 (3d Cir. 2007).

[8]The thirty day appeal period actually expired on Monday, May 25, 2015, which was a federal holiday. Therefore, the time to appeal extended through the end of the day on Tuesday, May 26, 2015. See Del. Sup. Ct. R. 11(a).

Petitioner does not fare any better with respect to the statutory tolling related to the Unlawful Sexual Contact VOP sentence. Once again, the limitations period started to run on May 28, 2014. The limitations clock ran for 260 days until Petitioner filed his first motion to review/modify the Unlawful Sexual Contact VOP sentence on February 11, 2015. (D.I. 12-2 at 1) The Superior Court denied the first motion to review/modify the Unlawful Sexual Contact VOP sentence on March 16, 2015, and Petitioner did not appeal that sentence. *Id.* As a result, the first motion to motion to review/modify the Unlawful Sexual Contact VOP sentence tolled the limitations period from February 11, 2015 through April 16, 2015, which includes the thirty day appeal period. The limitations clock started to run again on April 17, 2015, and ran the remaining 105 days until the limitations period expired on July 31, 2015. Petitioner's third motion to review/modify the Unlawful Sexual Contact VOP sentence, filed on July 12, 2016, has no statutory tolling effect because it was filed after the expiration of AEDPA's limitations period. In short, to the extent the instant Petition challenges Petitioner's Unlawful Sexual Contact VOP sentence, it is untimely.

Thus, as demonstrated by the foregoing, the entire Petition is time-barred, unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence

9

inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. Additionally, the obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert, and the Court cannot discern, that any extraordinary circumstances prevented him from timely filing the instant Petition. Indeed, Petitioner's multiple motions to review/modify his VOP sentencing order in state court demonstrate that he was more than capable of pursuing his claims and protecting his rights. To the extent Petitioner's late filing in this Court was due to a lack of legal knowledge or miscalculation of AEDPA's one-year filing period, such circumstances do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). For all these reasons, the Court concludes that equitable tolling

is not available on the facts presented by Petitioner. Accordingly, the Court will dismiss the instant Petitioner as time-barred.[9]

## III. CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability may be issued only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, the Court concludes that Petitioner's habeas Petition must be denied as time-barred. Reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims to be debatable or wrong. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny the instant Petition. An appropriate Order will be entered.

---

[9]Having determined that the Petition is time-barred, the Court will not address the State's alternate reasons for dismissing the Petition.

11